**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 08-4106**

_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

WILLIE JAMES PEARSON,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Fox, Senior District Judge.  (7:07-cr-00053-F-1)

_____

Submitted:  December 16, 2008     Decided:  December 19, 2008

_____

Before WILKINSON, MICHAEL, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Slade C. Trabucco, SULLIVAN, TRABUCCO & WAGONER, LLP, Wilmington, North Carolina, for Appellant. George E.B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Willie James Pearson appeals from his 200-month sentence entered pursuant to his guilty plea to possession with intent to distribute heroin. Pearson asserts that the district court erred by departing upward based on its finding that Pearson's criminal history category inadequately reflected his actual criminal history. In addition, Pearson contends that he received inadequate notice of the possible upward departure. We affirm.

A defendant's criminal history is an encouraged factor for an upward departure. A court may depart upward from the guideline range "[i]f reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." U.S. Sentencing Guidelines Manual § 4A1.3(a)(1), p.s. (2007); see also USSG § 4A1.3(a)(4)(B) (when upwardly departing from Category VI, the court should move incrementally down the sentencing table to the next highest offense level, until it finds an appropriate guideline range).

Pearson asserts that the district court erred because (1) the Guidelines already took into account his past convictions and (2) many of his convictions were old. However, Pearson had 52 convictions, 27 of which did not result in

2

criminal history points.[*]  In addition, while many of Pearson's convictions were old, Pearson's criminal record did not show a significant break in criminal activity.  During the five years prior to his arrest on the instant offense, Pearson had been convicted of assault with a deadly weapon (serving over a year in prison), assault to inflict serious injury, and possession of cocaine and marijuana.  We find that the record supports the court's upward departure and that the court's decision was reasonable.

Next, Pearson alleges that he had insufficient notice of the court's intent to depart.  However, the notice requirement is satisfied if the presentence report recommends a departure on a particular ground.  United States v. Bellamy, 264 F.3d 448, 455 (4th Cir. 2001).  Here, the presentence report noted that the court could consider a departure based upon the "severity of the defendant's past criminal history and the likelihood that he will commit future crimes," and Pearson did not object to the lack of notice.  Thus, we conclude that Pearson's notice was sufficient.

Accordingly, we affirm Pearson's sentence.  We dispense with oral argument because the facts and legal

---

[*] Further, although Pearson was found to be a career offender, that status did not affect his criminal history category, because he was already in category VI.

3

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED